UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODNEY MASTERMAN,<br><br>    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for the registered holders of MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-NC3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC3, and DOES 1 through 10,<br><br>    Defendants. | Case No. 3:12-cv-00268-MMD-VPC<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 4) |

## I. SUMMARY

Before the Court is Defendant Deutsche Bank National Trust Company's ("Deutsche Bank National") Motion to Dismiss. (Dkt. no. 4.) For the reasons stated below, Defendant's Motion is granted.

## II. BACKGROUND

Plaintiff Rodney R. Masterman purchased real property located at 407 Argenta Avenue, Winnemucca, Nevada, 89445 ("the Property") on or about November 22, 2006. (Dkt. no. 5 at 11.) Masterman obtained a loan of $103,950.00 ("the Loan") from Home123 Corporation and executed a promissory note ("the Note"), which was secured

by a deed of trust on the property ("the Deed of Trust").[1]  (*Id.*)  The Deed of Trust names Home123 Corporation as lender and designates Western Title as trustee.  (*Id.*)  The Deed of Trust was recorded on November 30, 2006, in the official records of Humboldt County, Nevada.  (*Id.*)

On April 10, 2008, Home123 Corporation assigned the beneficial interest under the Deed of Trust, along with the Note, to Defendant Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MSAC 2007-NC3 by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. as its attorney-in-fact ("Deutsche Bank Trust").  (Dkt. no. 5 at 32.)  The assignment was recorded on May 8, 2008.  (*Id.*)  On September 8, 2011, Deutsche Bank Trust assigned the beneficial interest under the Deed of Trust to Defendant Deutsche Bank National.  (*Id.* at 34.)  The assignment was recorded on September 28, 2011.  (*Id.*)

On July 14, 2010, Western Progressive, LLC executed a Notice of Breach and Default and of Election to Sell ("the NOD"), which was recorded on July 20, 2010.  (Dkt. no. 5 at 37.)  On September 26, 2011, Western Progressive, LLC executed a Notice of Trustee's Sale ("the NOS"), which was recorded on September 28, 2011.  (Dkt. no. 5 at 54.)  The NOS stated that the sale of Plaintiff's property would occur on October 26, 2011 at 3:00 PM.  (*Id.* at 54.)

On December 7, 2011, Western Progressive sold the property at public auction to Defendant Deutsche Bank National.  (Dkt. no. 5 at 67.)  On December 29, 2011, the Trustee's Deed Upon Sale was recorded.  (*Id.*)  On January 20, 2012, Defendant filed a complaint for unlawful detainer, seeking to evict Plaintiff from the Property.  (*Id.* at 70.)

---

[1] The Court takes judicial notice of attached copies of relevant publicly recorded documents. See *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

On March 19, 2012, the Union Township Justice Court ordered a temporary Writ of Restitution be issued, with an effective date of April 9, 2012.  (*Id.* at 76.)

On April 6, 2012, Plaintiff filed his Complaint in the Sixth Judicial District Court, County of Humboldt, State of Nevada, asking the court to void the sale based on Defendant's alleged failure to comply with the notice requirements of the controlling foreclosure statutes.  (Dkt. no. 1 at 7.)   Plaintiff sought a determination by the court that the NOD, the State of Nevada Foreclosure Mediation Program Certificate, the NOS, and the sale of the Property are void.  (*Id.* at 18-19.)  Defendant subsequently removed this action to this Court based on diversity of citizenship.  (*Id.* at 1.)   On June 5, 2012, Defendant filed this Motion to Dismiss.  (Dkt. no. 4.)

## III.  DISCUSSION

### A.  Legal Standard

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations."  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

### B. Plaintiff's Quiet Title Claim

Plaintiff's fifth cause of action is for quiet title. "In Nevada, a quiet title action may be brought 'by any person against another whom claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim.'" *Wensley v. First Nat. Bank of Nev.*, No. 3:11-cv-00809, 2012 WL 1971773, at *6 (D. Nev. May 31, 2012) (quoting NRS § 40.010). "'In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.'" *Id.* (quoting *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). "'Additionally, an action to quiet title requires a plaintiff to allege that [he] has paid any debt owed on the property.'" *Id.* (quoting *Lalwani v. Wells Fargo Bank, N.A.*, No. 2-11-cv-00084, 2011 WL 4574338, at *3 (D. Nev. Sept. 30, 2011)).

Plaintiff has failed to allege that he is not in breach of the loan agreement. While Plaintiff does not expressly admit to being in default on the loan, the Complaint, read as a whole, and taking all allegations in favor of Plaintiff, does not show even the barest hint of dispute over whether Plaintiff was in default. Rather, Plaintiff challenges the procedure with which foreclosure was initiated against him, and does not deny that the loan was in default. Accordingly, the quiet title claim must be dismissed.

### C. Plaintiff's Remaining Claims

Plaintiff's remaining claims must be dismissed with prejudice because such claims are barred by the statute of limitations. Under NRS § 107.080, a court may void a sale if an action is commenced within 90 days after the date of sale, § 107.080(5), or if proper notice was not provided pursuant to subsection 3 or paragraph (a) of subsection 4, within 120 days after the date the person received actual notice of the sale, § 107.080(6). In calculating time, Fed. R. Civ. P. 6 provides that "[w]hen the period is stated in days . . . (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period . . . ." Similarly, Nevada Rule of Civil Procedure 6 provides, "[i]n computing any period of time prescribed or allowed by these rules . . . the

4

day of the act, event, or default from which the designated period of time begins to run shall not be included."

Even assuming, *arguendo*, that Defendant did not comply with the notice requirements of NRS § 107.080(3) or NRS § 107.080(4)(a), Plaintiff did not file his action within the limitations period. Here, the sale of the Property occurred on December 7, 2011, and Plaintiff filed his Complaint on April 6, 2012, 121 days after the date of sale. The 120-day statute of limitations in NRS § 107.080(6) triggers the day the plaintiff receives actual notice of the sale. While Plaintiff does not expressly admit to receiving actual notice of the sale on December 7, 2011, the Complaint, read as a whole, and taking all allegations in favor of Plaintiff, does not show any dispute over whether Plaintiff received actual notice of the sale on December 7, 2011. In fact, Plaintiff only argues that "there are genuine issues of disputed material factual as to if Plaintiff received actual notice of the December sale *prior to* the December 7, 2011 sale date of the property." (Dkt. no. 10 at 2.) Plaintiff claims that he was "completely unaware of any December sale *prior to* the actual sale occurrence," and concedes that the December sale triggered the statute of limitations. (Dkt. no. 10 at 2, 3) (emphasis added). Based on these facts, the Court can only reasonably infer the Plaintiff received actual notice of the sale on December 7, 2011.

Accordingly, the 120-day statute of limitations expired on April 5, 2012. Because Plaintiff filed his Complaint on April 6, 2012, Plaintiff's first, second, third, and fourth claims are time-barred under § 107.080(5) and (6).

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is GRANTED.

DATED THIS 27th day of November 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE